UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT KAZIK, ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-847 |
| ROBIN D. PITTMAN, *in her official capacity as Chief Judge of Criminal District Court for Orleans Parish*, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by Defendants, the Honorable Robin D. Pittman, the Criminal District Court for the Parish of Orleans, and the State of Louisiana, by and through the Criminal District Court for the Parish of Orleans; **Motion to Remand (Rec. Doc. 9)** filed by Plaintiffs, Robert Kazik, Shannon Sims, Eve Kazik, Lisa Brocato, D'Andrea Winchester, and George Schiaffino. The motions, submitted for consideration on May 10, 2023 and May 24, 2023, respectively, are before the Court on the briefs without oral argument.

The plaintiffs are long-time employees of the Orleans Parish Criminal District Court. The plaintiffs allege that pursuant to state law each of them should have been enrolled in the State's retirement system for qualified employees, the Louisiana State Employee's Retirement System ("LASERS") as of the date of their initial hire at the court. Unfortunately, they were not enrolled in LASERS until years later. The crux of the case is grounded in state tort law, *i.e.*, that the plaintiffs have been damaged to the tune of thousands of dollars in retirement contributions and interest due to administrative errors committed by other criminal court employees who were responsible for enrolling them in LASERS when they were hired. Moreover, the plaintiffs allege that when they

were finally enrolled in LASERS court staff affirmatively misled them about why they were being enrolled in the system years after their employment began.[1]

The plaintiffs filed their original petition in the Civil District Court for the Parish of Orleans. Although recovery is grounded almost entirely on state law, the plaintiffs alleged a § 1983 equal protection claim against Judge Pittman in her official capacity. This claim was grounded on the contention that some employees who were similarly situated to the plaintiffs were made whole whereas the defendants have refused to take any similar action to remedy the injuries that the plaintiffs sustained by not being enrolled in LASERS when first hired. This single federal claim against Judge Pittman provided a basis for original subject matter jurisdiction to support removal. The parties are not diverse in citizenship so the defendants invoked supplemental jurisdiction, 28 U.S.C. § 1367(a) over the state law claims, which constitute the overwhelming majority of the case.[2]

Shortly after removal the defendants filed their motion to dismiss. The plaintiffs

---

[1] Exhibit A to the First Amended Complaint (Rec. Doc. 7) is a letter sent to LASERS on behalf of each plaintiff acknowledging the failure to properly enroll the employee in LASERS on the date of hire. For instance, Robert Kazik was hired by Orleans Parish Criminal District Court on October 1, 1989 but due to "an administrative error" he was not enrolled in LASERS until January 12, 1998. (Rec. Doc. 7-1 at 3).

[2] 28 U.S.C. § 1367, Supplemental Jurisdiction, reads in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

countered with a First Amended Complaint ("FAC"), which they contend moots the motion to dismiss—the defendants dispute this contention. Importantly, the plaintiffs eliminated from their FAC the sole federal § 1983 claim against Judge Pittman, and they expressly acknowledge that in doing so they are agreeing to a dismissal of that claim <u>with</u> prejudice. Thus, following the FAC, all theories of recovery and defenses to be addressed in this litigation are based solely on state law—no issues of federal law whatsoever remain in the case. Therefore, the plaintiffs have filed their motion to remand asking that the case now be returned to state court.

The defendants oppose the motion to remand because jurisdiction to remove the case existed at the time of removal. The defendants correctly point out that the plaintiffs cannot defeat jurisdiction via a post-removal pleading amendment.

But whether the federal claims in this lawsuit are voluntarily dismissed by the plaintiffs or dismissed involuntarily as a result of the defendants' motion to dismiss—and to be clear, every claim in this lawsuit including the federal claim(s) has been challenged via the defendants' motion to dismiss—the result is the same, *i.e.*, all claims over which the Court had original jurisdiction will have been dismissed. The district court may decline to exercise supplemental jurisdiction over claims when the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Thus, the issue is not whether dismissing the federal claims deprives the Court of jurisdiction—it does not—but rather whether the Court chooses in the exercise of its sound discretion to exercise supplemental jurisdiction over the state law claims or to remand those claims to the state court where they were first filed.

The Court is persuaded that the FAC notwithstanding, the defendants' motion to dismiss the federal claims asserted in the original petition has merit and should be

granted. The Court is also persuaded that the remaining state law claims, which completely predominate and eclipse any federal claims in this matter, should be remanded to state court for adjudication. This case was removed in its infancy. No scheduling order has been entered in the case. No discovery has been conducted. No status conferences have been held. Judicial economy will not be served by keeping the case in federal court or disserved by remanding the case.

In sum, given that all federal claims asserted in this matter are being dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by Defendants, the Honorable Robin D. Pittman, the Criminal District Court for the Parish of Orleans, and the State of Louisiana, by and through the Criminal District Court for the Parish of Orleans, is **GRANTED** insofar as <u>all</u> federal claims in this matter are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by Plaintiffs, Robert Kazik, Shannon Sims, Eve Kazik, Lisa Brocato, D'Andrea Winchester, and George Schiaffino, is **GRANTED**. All claims over which the Court had original jurisdiction have been dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are hereby remanded to the state court from which this case was removed.

July 5, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE